## CIVIC AGENCY v. QUEALY.
### No. 16567.

Court of Appeal of Louisiana. Orleans.

Feb. 23, 1937.

Jos. A. Casey, of New Orleans, for appellant.

Fred G. Veith, of New Orleans, for appellee.

JANVIER, Judge.

Earl L. Barthelemy, a licensee under the "Small Loan Act" (Act No. 7 of Acts 1928,

Ex.Sess.) and conducting his business as "The Civic Agency," obtained a judgment against Joseph L. Quealy and caused garnishment process to be issued against various corporations believed to be indebted to Quealy. Among these garnishees was "Boylan's Protective Police," which, in answer to the interrogatories propounded, denied any indebtedness at the time, but admitted that Quealy was in its employ at a monthly salary of $100. When this answer was filed, there arose a controversy between the judgment creditor, Barthelemy, and the defendant, Quealy, as to the amount which under the garnishment statutes should be retained and applied to the extinguishment of the judgment, Barthelemy contending that 20 per cent. of the total amount, or $20 per month, should be held subject to the garnishment process, and Quealy contending that there should first be deducted that portion exempt from seizure, to wit, $60, and that 20 per cent. of the remaining $40, or $8, should be applied each month to the payment of the judgment.

The controlling statute is Act No. 183 of 1932, which amends the previous enactments on the subject, to wit, Act No. 184 of 1918, Act No. 79 of 1876, and article 644 of the Code of Practice. The portion of the act of 1932 to which counsel for both parties direct our attention is the second paragraph, which provides that:

" * * * 80% of the wage, salary, commission or other compensation thereof cannot be seized or garnisheed, but only 20% of such compensation shall be subject to such seizure or garnishment, and in no case shall the seizure or garnishment infringe upon a minimum of Sixty ($60.00) Dollars per month of such salary, wage, commission or other compensation, which said Sixty ($60.00) Dollars per month shall always be exempt."

It is the contention of Quealy, the judgment debtor, that there is completely exempt $60 and that, of the balance, 80 per cent. is exempt and only 20 per cent. subject to seizure; in other words, as we have stated, that only $8 from each salary payment may be held by the employer under the garnishment which has been issued.

The plaintiff, Barthelemy, on the other hand, contends that 20 per cent. of the entire salary, or $20 per month, is subject to seizure, with the sole limitation that there must always remain, of the total salary payable to the employee, at least $60.

■ The interpretation placed by plaintiff upon the statute is obviously the correct one. It was plainly the purpose of the framers of the statute to provide that, in any event, the employee, if he earned as much as $60, should receive not less than $60, but that, if he received more than $60, 20 per cent. of the total should be subject to seizure, provided that the deduction from the total of 20 per cent. should not reduce the balance available to the employee to less than $60.

■ We agree with the plaintiff, the seizing creditor, that the amount which must be held under the seizure each month is $20 and not $8.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended so as to read as follows:

It is ordered, adjudged, and decreed that garnishee, Boylan's Protective Police, be and it is hereby ordered to pay to plaintiff 20 per cent. out of that portion which is not exempt of the earnings of the defendant, Joseph L. Quealy, or the sum of $20. per month, beginning October 31, 1936, said payments to continue as long as said defendant, Quealy, is in the employ of garnishee, and provided further that said payment of $20 per month does not encroach upon the amount of defendant's salary exempt by law from seizure; said payments shall also continue until the judgment of plaintiff against the defendant has been statisfied and paid in full, providing the said defendant is in the employ of garnishee.

As thus amended, the judgment is affirmed, all costs to be paid by defendant, Joseph L. Quealy.

Amended and affirmed.